

300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
P: (718) 852-3710
F: (718) 852-3586
www.stollglickman.com

Hon. Cathy Seibel  
United States District Court, SDNY  
300 Quarropas Street  
White Plains, NY  10601

June 17, 2024

Re: Pisciotti v. Stramiello *et al*  
24-CV-2197 (CS)

Your Honor-

    This is Plaintiff's response to defendants' request for a pre-motion conference in advance of their anticipated 12(b)(6) motion to dismiss.  It's our hope the Court will grant the request for a pre-motion conference and persuade defendants not to waste the parties' time with a plainly futile motion.  This Court has written that "under Rule 8, a complaint must include enough facts to state a claim for relief that is plausible on its face.  A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct.  In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true." *Churchill v. Oasis Outsourcing VI, Inc.*, 21-CV-5668 (CS), at *2 (S.D.N.Y. Oct. 7, 2021) (*citations and quotations omitted*).

    I.    "BUT FOR" CAUSATION IS NOT  "SOLE CAUSE" ANALYSIS

    Defendants assert in their pre-motion letter that Plaintiff  "fails to plead but-for causation". For the sake of brevity, we describe the pleadings as follows:  Plaintiff was repeatedly tormented and physically attacked by his supervisor because Plaintiff had a black son; his complaints to higher supervisors and the company's owner went unaddressed, and after a physical fight with Plaintiff's horrifically racist supervisor, in which the supervisor wielded a knife but Plaintiff had no weapon, only Plaintiff was fired until legal action was taken.

    "Often, events have multiple but-for causes" which "means a defendant cannot avoid liability just by citing some *other* factor that contributed to its challenged employment decision." *Bostock v. Clayton County*, 140 S. Ct. 1731, 1739 (2020).  As a result, "a plaintiff is not required to show that retaliation was the sole cause of the employer's action". *Dimps v. N.Y. State Dep't of*

*Corr.*, 17-CV-08806 (NSR), at *8-9 (S.D.N.Y. Apr. 3, 2024) (*cleaned up*).  *See also Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 846 n.5 (2d Cir. 2013); *Tyson v. The Town of Ramapo*, 17-CV-04990 (PMH), at *16 (S.D.N.Y. June 12, 2023).  The "but for" cause requirement is "easily surmounted" at the pleading stage.  *Calvelos v. City of New York*, 19-CV-6629 (CM), 2020 WL 3414886, at *12 (S.D.N.Y. June 22, 2020).  This Court has written that "[a] causal connection may be established… through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct." *Wong v. Blind Brook-Rye Union Free Sch. Dist.*, 20-CV-2718 (CS), at *21 (S.D.N.Y. Dec. 12, 2022).  *James v. Johnstons Subaru, Inc.*, 20-CV-06726 (NSR), at *4-5 (S.D.N.Y. May 19, 2022), is remarkably on-point case.  There, "[p]laintiff allege[d] that two employees, one minority and one Caucasian, got into a physical altercation that he observed, and only Plaintiff and the other minority employee were fired. Plaintiff also allege[d] a history of racist remarks made by his supervisor and other employees that went unpunished." The Court readily accepted the disparate treatment of the protected class versus the discriminator as circumstantial support for a "but for" analysis.  *See Also Dames v. JP Morgan Chase & Co.*, 22-CV-6962 (NGG) (SJB), at *6 (E.D.N.Y. Aug. 8, 2023) ("discriminatory intent established through observation of similarly situated individuals who are not members of the relevant protected class being treated differently than plaintiffs").

    II.    <u>ASSOCIATIONAL DISCRIMINATION IS VIABLE CLAIM UNDER § 1981</u>

Defendants claim that "associational discrimination is only recognized under Title VII, the Americans with Disabilities Act, and New York State statutes, not under § 1981." They cite no case for that proposition, and there is more than ample law to the contrary.  In 1975, the Second Circuit held that a white plaintiff had standing to sue under § 1981 because his employer took action against him for selling his home to a black man. *DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306, 312 (2d Cir.1975).  The Court cited *Sullivan v. Little Hunting Park*, 396 U.S. 229 (1969), where a white person punished for trying to vindicate minority rights had standing to sue for damages under § 1981.  *See Rosenblatt v. Bivona & Cohen, P.C.*, 946 F.Supp. 298, 300 (S.D.N.Y. 1996) (discrimination based on marriage to a minority); *Black v. Buffalo Meat Serv.*, 15-CV-49S, at *59-61 (W.D.N.Y. May 21, 2021) (discrimination based on biracial children) (reversed on other grounds, *Black v. Buffalo Meat Serv.*, No. 21-1468, at *3 (2d Cir. July 22, 2022)); *Gibbs-Alfano v. Ossining Boat Canoe Club, Inc.*, 47 F. Supp.2d 506, 511 (S.D.N.Y. 1999) (discrimination based on marriage to a minority); *see also Albert v. Carovano*, 851 F.2d 561, 572-73 (2d Cir. 1988); *Ticali v. Roman Catholic Diocese of Brooklyn*, 41 F. Supp. 2d 249, 265-66 (E.D.N.Y. 1999).

    III.    <u>PROTECTED ACTIVITY UNDER § 1981 RETALIATION CLAIMS IS CO-EXTENSIVE WITH TITLE VII</u>

Defendants seek to limit § 1981 retaliation claims to "reporting of a violation of another person's contract-related right".  Though they cite cases allowing such claims, they cite no case that so *limits* § 1981 claims, and Congress amended § 1981 to define the term "make and enforce contracts" to include all aspects of the employment relationship, as with Title VII. 105 Stat, 1071, 42 U.S.C. § 1981(b).  Further, a host of cases apply § 1981 retaliation claims to Plaintiffs who are retaliated against for opposing their own discrimination.  *See Claud v. Brown Harris Stevens of*

2

*the Hamptons, LLC*, 18-CV-01390 (NRM)(ST) (E.D.N.Y. June 7, 2023) (retaliation against black real estate agent who opposed her own discriminatory treatment); *Mondelo v. Quinn Emanuel Urquhart & Sullivan, LLP*, 21-CV-02512 (CM), (S.D.N.Y. Feb. 22, 2022) (permitting § 1981 retaliation claim for retaliating against employee who complained of discrimination against himself); *Wilkerson v. Blink Holdings, Inc.*, 23-CV-9178 (JPO) (S.D.N.Y. June 10, 2024) (same); *Baker v. MTA Bus Co.*, 18-CV-12231 (TMR) (S.D.N.Y. July 18, 2023) (same).

"Most of the core substantive standards that apply to claims of discriminatory conduct in violation of Title VII are also applicable to claims of discrimination in employment in violation of § 1981". *Patterson v. County of Oneida*, N.Y. 375 F.3d 206, 225 (2d Cir. 2004). Thus a § 1981 retaliation claim requires: (1) participation in a protected activity, (2) which was known to the employer, (3) that the employer thereafter imposed an adverse employment action, and (4) a causal connection. *Wilkerson v. Blink Holdings, Inc.*, 23-CV-9178 (JPO) (S.D.N.Y. June 10, 2024). *See also Hicks v. Baines,* 593 F.3d 159, 164 (2d Cir. 2010). One "protected activity" is an "action taken to protest or oppose statutorily prohibited discrimination." *Cruz v. Coach Stores, Inc*., 202 F.3d 560, 566 (2d Cir. 2000)". No "magic words" are required to meet Plaintiff's pleading burden. *See Baker v. MTA Bus Co.*, 18-CV-12231 (TMR), at *51 (S.D.N.Y. July 18, 2023). Plaintiff has amply supported his claim of retaliation for his consistent reporting of racial discrimination.

IV.     PLAINTIFF HAS SUFFICIENTLY PLED A HOSTILE WORK ENVIRONMENT

The "severe and pervasive" standard "does not mean that employers are free from liability in all but the most egregious cases." *Feingold v. New York*, 366 F.3d 138, 150 (2d Cir. 2004). The Second Circuit cautions against "setting the bar too high" at the initial stage; the test is whether the harassment is of such quality or quantity that a reasonable employee would find employment conditions "altered for the worse." *Terry v. Ashcroft*, 336 F.3d 128, 148 (2d Cir. 2003). Even a one-time severe racial slur alone may support a hostile work environment claim in the "cumulative reality of the work environment." *Daniel v. T&M Prot. Res., LLC*, 689 F. App'x 1 (2d Cir. 2017) (summary order). "Perhaps no single act can more quickly alter the conditions of employment … than the use of an unambiguously racial epithet such as 'nigger' by a supervisor in the presence of his subordinates" because a "supervisor's power and authority invests his or her harassing conduct with a particular threatening character." *Richardson v. New York State Dept. of Corr*, 180 F.3d 426, 439 (2d Cir. 1999) (cleaned up); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 763 (1998). Finally, allegations that harassment was "frequent" or "continuous" are sufficient to show pervasiveness since a plaintiff need not "recount each and every instance of abuse." *Pucino v. Verizon Communication, Inc.*, 618 F.3d 112 (2d Cir. 2012). It is hard to imagine what more Defendants expect Plaintiff to have pled here .

Thank you for your consideration.

Sincerely Yours,

Andrew B. Stoll

3