

300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
P: (718) 852-3710
F: (718) 852-3586
www.stollglickman.com

*Conference adjourned to 10/29/24 at 9:45 am. But the parties should start fresh and try to resolve this between themselves.*

SO ORDERED.

*[signature]*   10/18/24

CATHY SEIBEL, U.S.D.J.

Hon. Cathy Seibel                                               October 18, 2024
United States District Court, SDNY
300 Quarropas Street
White Plains, NY  10601

Re:     Pisciotti v. Stramiello *et al*
        24-CV-2197 (CS)

Your Honor-

This is Plaintiff's response to defendants' surprising October 16 letter motion for a discovery conference or discovery order. The letter was premature and out of compliance with federal and local rules, substantively meritless, and should be denied. This is further a request with defendants' consent to adjourn the discovery conference.

As a procedural matter, defendants completely failed to meet and confer with my office about her concerns. Rather counsel wrote our office October 8 to note she had not yet received initial disclosures and that the first discovery response due date was nigh. We emailed back October 14 that the initial disclosures requirements were supplanted by the Southern District Pilot Discovery Protocols ("Pilot Plan disclosures") (which we'd complied with) and requested consent to a two-week extension of our first discovery responses and service of our own discovery demands (which were due the next day). We invited further conversation about the matter.

We received an October 14 response with a gratuitous swipe at our motivations ("if Plaintiff wants to continue prosecuting this case that has $0.00 value just for attorneys' fees…"), the word "prejudice", and a rejection of our extension request. She further argued "[m]ediation disclosures do not supplant initial disclosures"- a correct response to something we never argued. With no further call or communication- in fact no conversation at all- counsel filed the present motion. This violates the "strict adherence" to the Fed. R. Civ. P. 37(a)(1) "meet and confer" rule that your rules understandably demand.

Substantively, Plaintiff's counsel asserts we "failed to serve initial disclosures". Had she picked up the phone to discuss this with us, she would have understood that when we wrote that the "Pilot Productions" supplanted the need for initial disclosures, we were not referring to "mediation

disclosures"- which is what she apparently understood us to be saying. Rather, we were talking about the Southern District of New York's Second Amended Standing Administrative Order of October 1, 2015 regarding employment discrimination cases- which "supercede the parties' obligations under Fed. R. Civ. P. 26(a)(1)" and provide for "early exchange of targeted, core discovery".

As for the service of discovery demands and responses, the scheduling order in this case allows for the interim deadlines to be extended on written consent of all parties without application to the Court; had counsel conferred with us, perhaps such consent would have been forthcoming. I can't remember a time I or an opposing counsel denied such a first-time request in the 27 years or so that I've been practicing.

Finally, I request an adjournment of the conference set for the morning of 10/23. After a surprisingly contentious exchange, counsel has had a change of heart or plans and joins me in the application- I make the request because I have two other matters scheduled for appearances in person that morning in Manhattan; defense counsel has family medical obligations. Both parties are available Tuesday 10/29, or Wednesday 10/30. No prior such application has been made.

Thank you for your consideration.

Sincerely Yours,

Andrew B. Stoll